IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HUBERT STRICKLAND, et al.,

           Plaintiffs,

v.                                                         CIVIL ACTION NO. 2:07-cv-00967

STATE FARM AUTOMOBILE MUTUAL INSURANCE,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the defendant's Motion to Transfer [Docket 5] and Motion to Stay Proceedings [Docket 7]. For the reasons that follow, the motions are **DENIED**.

**I.     Background**

The plaintiffs are residents of Kanawha County, West Virginia, who purchased an insurance policy from the defendant. The plaintiffs have maintained an insurance policy with the defendant since 1963. The plaintiffs were traveling in South Carolina when the vehicle in which they were riding was struck from behind by Charles Dean, who is not a party to this action. The plaintiffs received serious injuries in the collision, and settled their claims with Mr. Dean's liability carrier for the policy's maximum limits. The defendant waived any claim for subrogation related to amounts it had paid to the plaintiffs as their insurance provider. The plaintiffs maintain that their policy with the defendant in effect at the time of the accident included insurance coverage for liability, injuries caused by underinsured motorists and medical payments under other circumstances. The plaintiffs now contend that the defendant has failed to tender the policy limits of the underinsured motorist coverage. This failure, the plaintiffs allege, is the basis for claims of breach

of contract (Count II), first-party bad faith denial of coverage (Count III) and common law bad faith denial of coverage (Count IV) against the defendant. The plaintiffs have also included a claim of negligence by Charles Dean, Brian Knight and Career II Auto Sales in Count I, but those persons have not been named in the style of the case or served with the complaint and summons.

## II.  Discussion

The court may consider many factors in determining whether to transfer a case, including "(1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice." *Alpha Welding and Fabricating, Inc. v. Todd Heller, Inc.*, 837 F. Supp. 172, 175 (S.D. W. Va. 1993) (citing *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 592 (E.D.Va.1992) and *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). The decision to transfer rests within the discretion of the trial court. *Id.*

The defendant seeks to transfer this action to the District of South Carolina based on the location of witnesses to the accident and medical providers who treated the plaintiffs immediately following the accident. The defendant further argues that this is a "local controversy which should be decided in South Carolina" and that "West Virginia's stake" in the case is "tenuous."

This case is primarily an insurance coverage dispute. The plaintiffs have already addressed their claims for liability against the other participant in the accident. Their goal is not, therefore, simply to prove that the driver of the other vehicle was responsible for their injuries.[1] The plaintiffs

---

[1] The court is aware that, under West Virginia law, an underinsurance plaintiff must prove the underlying liability in order to prevail against its insurance carrier. *Halstead v. Kalwei*, 393 F.
(continued...)

also seek to hold the defendant responsible for failing to honor an insurance contract that provides for underinsurance motorist coverage which they executed in West Virginia and which is controlled by West Virginia law. Against this backdrop, I will consider the several factors to determine whether a transfer is appropriate.

The first two factors address the ease that the parties will have in preparing their case. As the plaintiffs indicate, they have visited medical professionals in both West Virginia and South Carolina, but the "far greater proportion of their treatment for their injuries . . . occurred in their home state of West Virginia." Although the defendant argues that almost all of the witnesses to the accident reside in South Carolina, those witnesses are not as relevant to the question presented by the plaintiffs in this case. The plaintiffs claim that they have been damaged by the defendant's failure to provide coverage, and that the witnesses needed to resolve this dispute are primarily located in West Virginia. The most probative witnesses in this case will be the parties to the insurance contract, and any witness who may offer testimony as to the damages the plaintiffs have suffered as a result of any potential breach. The court **FINDS** that the first two factors weigh in favor of retaining the case.

The next two factors – the cost to obtain attendance of witnesses and the availability of compulsory process – weigh neither for nor against transfer. While the parties may obtain the attendance of several witnesses if the case remains in West Virginia, the defendant argues that many witnesses are beyond the subpoena power of this court. The defendant is correct that several

---

[1](...continued)
Supp. 2d 393, 397 (S.D. W. Va. 2005) ("[A] plaintiff must still prove liability of the underinsured motorist as well as damages in excess of the policy limits of the underinsured's motorist carrier."). The defendant is entitled to contest the liability of the underinsured motorist. But it does so at its own peril, and subject to the parameters of bad faith law.

witnesses are indeed beyond the subpoena power of the court, but those witnesses primarily relate to the accident itself rather than the coverage dispute. Should this court transfer the case to South Carolina, several of the plaintiffs' medical providers would be beyond the reach of the subpoena power of that court. Neither party has offered evidence related to the cost of obtaining attendance of witnesses other than to indicate that costs may increase or decrease depending on whether this case is transferred or retained. The court therefore **FINDS** that the third and fourth factors do not weigh in favor of transfer.

The trier of fact in this case will not require a view of the accident scene. This dispute arises from underinsurance motorist coverage, and whether or not the defendant breached its agreement with the plaintiffs. To the extent that the defendant chooses to dispute the underlying liability, it may do so with the aid of pictures and other representations of the crash scene, and the deposition testimony of the witnesses of the accident. The court **FINDS** that the fifth factor does not weigh in favor of transfer.

The sixth factor weighs most heavily for retaining the case in West Virginia. As previously indicated, the dispute arises from a contract executed in West Virginia and controlled by West Virginia law, and the claims themself arise under West Virginia statutory and common law. While this court has no doubt that the fine judges in the District of South Carolina could properly apply West Virginia law to the dispute if it were transferred to South Carolina, the court gives deference to the plaintiffs' selection of a West Virginia forum. This case involves a dispute over a West Virginia insurance contract, and the citizens in West Virginia have a far greater interest in seeing this dispute resolved in West Virginia than do the citizens of South Carolina in their own forum.

For those reasons, the interest of justice also weigh in favor of this court retaining the matter. The court therefore **FINDS** that the sixth and seventh factors weigh heavily in favor of retaining the case.

### III. Conclusion

Because the defendant has failed to provide sufficient reasons to transfer this case to the District of South Carolina, the defendant's Motion to Transfer [Docket 5] is **DENIED**. The defendant's Motion to Stay [Docket 7] is **DENIED** as moot.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 10, 2008

_Joseph R. Goodwin_
Joseph R. Goodwin, Chief Judge